```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
AND WELFARE FUNDS,                           MEMORANDUM & ORDER
                                             13-CV-5087(JS)(WDW)
                Plaintiffs,

        -against-

AG CONSTRUCTION CORPORATION,

                Defendant.
------------------------------------X
APPEARANCES
For Plaintiffs:         Charles R. Virginia, Esq.
                        Richard B. Epstein, Esq.
                        Elina Turetskaya, Esq.
                        Virginia & Ambinder LLP
                        111 Broadway, 14th Floor
                        New York, NY 10006

For Defendant:          No appearances.
```

SEYBERT, District Judge:

Currently pending before the Court is plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds' ("Plaintiffs") motion for default judgment and Magistrate Judge William D. Wall's Report and Recommendation ("R&R"). For the following reasons, the Court ADOPTS this R&R with one clarification.

BACKGROUND

Plaintiffs commenced this action on September 12, 2013 against defendant AG Construction Corporation ("Defendant")

seeking to confirm an arbitration award entered in favor of Plaintiffs. Specifically, Plaintiffs brought this action pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 regarding an arbitrator's award rendered pursuant to a collective bargaining agreement binding upon Defendant. Defendant did not answer or otherwise appear in this action.

Plaintiffs requested a certificate of default on November 4, 2013 (Docket Entry 5), which was entered by the Clerk of the Court that same day (Docket Entry 6). On November 19, 2013, Plaintiffs moved for default (Docket Entry 7), and, on November 21, 2013, the Court referred Plaintiffs' motion to Judge Wall (Docket Entry 10).

On April 28, 2014, Judge Wall issued an R&R analyzing Plaintiffs' motion under the standard for default judgment as well as the standard for an unopposed motion for summary judgment. Ultimately, Judge Wall recommends that the arbitrator's award be confirmed and that Plaintiffs be awarded a total of $323,952.94.

No party has objected to any portion of Judge Wall's R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Wall's R&R. And the Court finds his R&R to be correct, comprehensive, well-reasoned and free of clear error, with one exception. The R&R notes that Joint Policy for Collection of Delinquent Contributions ("Joint Policy") provides for interest calculated at the rate of .75% per month, compounded, until the date the contributions are paid. (R&R at 10.) However, it then goes on to suggest that interest include $82,446.82 through July 27, 2013, plus additional interest of $67.34 per day through the date of judgment. (R&R at 11.) Rather than calculating interest at a specified monetary amount daily, which does not take compounding into account, the Court will use the terms of the Joint Policy-- i.e., .75% per month, compounded.

Accordingly, the Court ADOPTS the R&R, with the one exception of the calculation of interest.

## CONCLUSION

Judge Wall's R&R is ADOPTED as specified, and Plaintiffs' motion for default/unopposed summary judgment is GRANTED. Plaintiffs are hereby awarded a judgment against Defendant in the amount of $323,952.94, broken down as follows:

(1) unpaid contributions in the amount of $193,463.85;

(2) interest of $82,446.82 through July 27, 2013, plus additional interest at the rate of .75% per month, compounded, through the date of judgment;

(3) liquidated damages in the amount of $38,692.77;

(4) attorneys' fees in the total amount of $1,772.00; and

(5) costs in the total amount of $7,577.50.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  10 , 2014
       Central Islip, NY